UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
BOBBY CREWS, : CASE NO. 4:14-CV-01555
:
       Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 1]
R. HANSON, Warden of FCI Elkton, :
:
       Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On July 15, 2014, Petitioner Bobby Crews filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1/] Crews seeks vacatur of disciplinary sanctions the Bureau of Prisons ("BOP") imposed on him for possessing a cell phone, as well as reinstatement of good time credit that had been revoked because of his cell phone violation.[2/] Crews argues that because he was on escape status at the time he possessed the cell phone, the relevant BOP regulation did not apply to him.[3/] Crews also argues that the discipline was procedurally defective.[4/]

      Respondent Hanson has suggested that Crews's petition be dismissed as moot. Hanson says that after conducting a review, the BOP vacated the discipline and restored Crews's good time credit.[5/]

      Petitioner Crews objects to the dismissal of his petition as moot for two reasons. First, he

---

[1/] Doc. 1.

[2/] Id. at 9. Under "Request for Relief," a portion of the habeas application form directing the petitioner to "[s]tate exactly what you want the court to do," Crews wrote, "[v]acate the disciplinary action and restore the sanctions, esp. good time credits." Id.

[3/] Id. at 7-8.

[4/] Id. at 8.

[5/] Doc. 11.

-1-

Case No. 4:14-CV-01555
Gwin, J.

says that an opinion is necessary to prevent the BOP from engaging in similar behavior in the future.[6] Liberally construing Crews's pro se filing, the Court treats this argument as one that the harm in question is capable of repetition yet evading review. Second, Crews now seeks "additional relief of costs of suit, in the amount of $500 or an amount to be determined by the court."[7]

For the following reasons, the Court **DISMISSES AS MOOT** Crews's petition

### I. Mootness

Federal courts are courts of limited jurisdiction, and can only resolve suits that present a case or controversy.[8] This case or controversy requirement must be met throughout the duration of the proceedings.[9] "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."[10]

### II. Capable of Repetition Yet Evading Review

The Court construes Petitioner Crews's first argument as asserting that the violation he alleges is capable of repetition yet evading review. This exception to the mootness doctrine permits courts to adjudicate cases that would otherwise be moot in the limited circumstances where "'(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same

---

[6] Doc. 12. Hanson has filed a reply. Doc. 13.
[7] *Id.*
[8] *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (internal citation omitted).
[9] *Id.*
[10] *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).

Case No. 4:14-CV-01555
Gwin, J.

action again.'"[11] Because Petitioner Crews cannot meet either element, this argument fails.

### III. Costs

Petitioner Crews also argues that the case is not moot because he now seeks the costs of litigation. But "courts have no authority to award [a petitioner] costs and fees as the 'prevailing party' when the underlying action has been dismissed as moot."[12] Accordingly, Crews's request for costs cannot save his petition from dismissal for mootness.

### IV. Conclusion

In short, the BOP did exactly what Petitioner Crews had requested the Court order the BOP to do. The Court therefore **DISMISSES AS MOOT** Crews's petition.

The referral of this case to the Magistrate Judge is termed.

IT IS SO ORDERED.

Dated: March 31, 2015      s/ *James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[11] *FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

[12] *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) (citing *Lewis*, 494 U.S. at 480).